IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DWAYNE DOUGLAS JONES | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv277 |
| CORRECTIONAL OFFICER LAMB, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dwayne Douglas Jones, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this lawsuit against Correctional Officer Lamb, Stephen Martin, and Neancy Mitchell.

### Factual Background

Plaintiff complains that the defendants acted with deliberate indifference to his medical needs on June 15, 2012 following his assault by another inmate while he was confined at the Eastham Unit. Plaintiff claims he sustained the following injuries: his face was swollen beyond recognition, a broken nose, a broken jaw, and he suffered an injury to his left eye which required surgery. Plaintiff claims that when he was taken to the unit infirmary, however, his injuries were assessed by defendant Lamb, a security official, and he was taken to lock-up. Plaintiff claims the defendants were deliberately indifferent to his medical needs and their actions were the result of racial discrimination.

### The Defendants' Motions for Summary Judgment

The defendants have filed two separate motions for summary judgment based on plaintiff's failure to exhaust administrative remedies prior to filing his lawsuit. Defendants Martin and Mitchell filed their motion for summary judgment (docket entry no. 21) and defendant Lamb filed his motion for summary judgment (docket entry no. 24). The defendants contend plaintiff failed to properly exhaust his available administrative remedies as required by 28 U.S.C. § 1997e.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state

enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

*Exhaustion*

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison conditions case. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Texas Department of Criminal Justice, Correctional Institutions Division currently employs a two step grievance procedure which takes approximately 105 days to exhaust. The grievance procedures available for offenders confined in the Texas Department of Criminal Justice-Correctional Institutions Division are outlined in the Offender Orientation Handbook. *See* http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf; *see also Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

The first step of the grievance procedure, Step 1 (I-127 form), involves the prisoner submitting a grievance to the unit grievance investigator. The Step 1 grievance must be submitted within 15 days from the date of the alleged incident or occurrence. The unit grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The authorized decision maker for a Step 1 grievance is the warden or assistant warden. Step 1 of

4

the grievance process may take up to 40 days from the date the unit grievance office receives the Step 1 form.

The second step of the grievance procedure, Step 2 (I-128 form), involves the prisoner submitting an appeal to the grievance investigator on the unit. The Step 2 must be filed within fifteen (15) days from the date of the Warden's signature on the Step 1 form. The division grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The decision maker for a Step 2 grievance is the regional director or assistant director. The Step 2 process may take up to 35 days to provide a written response.

Exhaustion of administrative remedies prior to filing suit is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Id.*, at 532. A prisoner must exhaust administrative remedies regardless of the type of relief he seeks and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Further, the Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382, 2387, 165 L.Ed.2d 368 (2006). The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending, and district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The competent summary judgment evidence in this case shows that there is no genuine issue of material fact that plaintiff failed properly exhaust the available grievance procedure by failing to

comply with the established rules for timely submitting his Step 2 grievance. Plaintiff has failed to provide competent summary judgment evidence showing he complied with the procedural rules and deadlines for submitting his appeal.

Plaintiff filed his original Step 1 grievance regarding the incidents which form the basis of this complaint on August 15, 2012. *See* Defendants' Motion for Summary Judgment, Exhibit A, Document 23-1 at page 4. The grievance was denied because the grievable time had expired, and the grievance was returned to plaintiff as untimely on August 15, 2012. *Id.* Ultimately, however, staff with the Administrative Review and Risk Management office directed that the grievance be returned to the Unit Grievance Investigator and processed. *See* Exhibit A, Document 23-1 at page 81. Plaintiff's Step 1 grievance was subsequently reviewed and denied on the merits. *See* Exhibit A, Document 23-1 at page 7. The grievance was signed by the warden on October 11, 2012, and it was stamped as returned to plaintiff on October 12, 2012. *Id.* Thus, in accordance with the grievance rules, plaintiff's Step 2 appeal was due on or before October 21, 2012. Plaintiff's Step 2, however, was not filed until May 6, 2013. *See* Exhibit A, Document 23-1 at page 5. The grievance was denied because the grievable time period had expired. *Id.* at page 6. The grievance was returned to plaintiff on July 15, 2013.

In his complaint, plaintiff indicates prison officials interfered with his exhaustion of the grievance procedure and he stated his Step 2 grievance "mysteriously disappeared from the grievance office."[1] However, "'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' will not satisfy the nonmoving party's burden on summary judgment." *Garner v. Moore*, 536 F. App'x 446, 449 (5th Cir. 2013) (quoting *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004)); *see also Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012). Plaintiff has failed to show he either timely submitted the Step 2 grievance or that he was granted an extension of time or otherwise received permission to submit his Step 2 grievance out of time as

---

[1] Additionally, while plaintiff filed a response to the defendants' motion for summary judgment, plaintiff's motion was not competent summary judgment evidence. Submissions to the court that are not made under the penalty of perjury are not considered competent summary-judgment evidence. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).

he had received when he resubmitted his Step 1 grievance out of time and had it considered on the merits.[2] Accordingly, the defendants' motions for summary judgment should be granted based on plaintiff's failure to properly exhaust available administrative procedures prior to filing this lawsuit.

ORDER

For the reasons set forth above, the defendants' motions for summary judgment should be granted based on plaintiff's failure to properly exhaust available administrative remedies. It is therefore

**ORDERED** that the defendants' motions for summary judgment are **GRANTED**. A final judgment will be entered in this case in accordance with this order.

**SIGNED** this the **22** day of **August, 2014.**

_____
Thad Heartfield
United States District Judge

---

[2] It is noted that plaintiff signed his Step 2 grievance appeal on December 6, 2012, more than five months before it was received by the Unit Grievance Investigator. However, even had it been received the same date, it was untimely to properly appeal the denial of his Step 1 grievance which was signed by the Warden on October 11, 2012. The relevant section of the grievance procedure is based on the Warden's signature date, not the date received by the inmate.